UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

LARRY RODRIGUEZ,

          Plaintiff,

   v.             9:06-CV-0375

WARDEN GRAHAM; LT. QUINN; HOWELL,
Prison Guard;  TYO, Prison Guard; and LEGAL
MAIL CLERK, Auburn Correctional Facility,

          Defendants.
---

APPEARANCES:         OF COUNSEL:

LARRY RODRIGUEZ
Plaintiff *pro se*

HON. ANDREW M. CUOMO     DOUGLAS J. GOGLIA, ESQ.
New York State Attorney General
Attorney for Defendants

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

**I. Introduction**

   Plaintiff Larry Rodriguez commenced this action in March 2006, pursuant to 42 U.S.C. § 1983, seeking money damages.  See Dkt. No. 1.  Plaintiff asserts numerous claims of wrongdoing against the defendants, including claims that: (1) he was force-fed by nursing staff; (2) his legal mail was withheld; (3) responses to his legal mail were forged; (4) religiously mandated diet requirements were ignored; and (5) he was denied the right to produce witnesses in defense of a misbehavior report.   See Dkt. No. 10 (Amended Complaint).

Upon compliance with the filing requirements, plaintiff was granted leave to proceed with this action *in forma pauperis* and service of process was effected on the defendants. An answer to the amended complaint was filed in March 2007. Dkt. No. 30.

Presently before the Court is a motion from defendants seeking to revoke plaintiff's *in forma pauperis* status and to conditionally dismiss this action unless plaintiff pays the statutory filing fee in full. Dkt. No. 50.

Plaintiff has filed papers in opposition. Dkt. Nos. 51, 59.

## II. Discussion

When a plaintiff seeks leave to proceed *in forma pauperis*, the Court must determine whether the plaintiff has demonstrated sufficient economic need and whether the causes of actions stated in the complaint are, among other things, frivolous or malicious or if they fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1). The Court must also determine whether the so-called "three-strikes rule" bars the plaintiff from proceeding *in forma pauperis*. Included in the Prisoner Litigation Reform Act (PLRA) of 1996 as one of several restrictions on a prisoner's ability to exploit the justice system, the "three-strikes rule" bars inmates from proceeding *in forma pauperis* if on three or more prior occasions the prisoner has brought an action or appeal in federal court which was dismissed as "frivolous, malicious, or [because it] fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

In support of their claim that plaintiff has accumulated "three strikes," defendants rely on actions brought by plaintiff in the United States District Court for the Southern District of New York.[2] In Rodriguez v. Davidowitz, 99 CV 00870 (S.D.N.Y.), plaintiff brought an action pursuant to § 1983 against a state court judge, two assistant district attorneys and the City of New York.[3] By Order of Chief Judge Thomas P. Griesa filed February 5, 1999, plaintiff's complaint was dismissed. Id., Dkt. No. 3.[4] The docket entry reflects that Chief Judge Griesa certified that any appeal taken by plaintiff would not be taken in good faith. Id.

Rodriguez v. Prison Guard Burges, 1:02 CV 04780 (S.D.N.Y.) was an action by plaintiff against four prison guards, which was filed in the Southern District as a proceeding in the nature of mandamus. By Order filed June 20, 2002, Chief Judge

---

[1] Congress enacted the "imminent danger" exception in order to create a safety valve to prevent impending harms to prisoners otherwise barred from proceeding *in forma pauperis*. Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002).

[2] Defendants have attached docket sheets as proof of previous strikes against plaintiff. See Dkt. No. 50 (Motion to Dismiss), Appendices at 50-3 - 50-8. While it is preferred to review the actual written decisions that are referenced on the docket sheets, it appears that these entries are adequate for the determination of strikes in this case.

[3] Generally speaking, judges and prosecutors are absolutely immune from liability under § 1983. Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (judges); Pinaud v. County of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995) (prosecutors).

[4] The docket entry references 28 U.S.C. § 1915(d) as the basis for the dismissal. Prior to the enactment of the PLRA, § 1915(d) provided that: "The court may request an attorney to represent any person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." This provision was amended and recodified in 1996 as § 1915(e); and former section § 1915(c) (service of process, witnesses and remedies) was recodified as § 1915(d). While the docket appears to mistakenly reference § 1915(d) rather than § 1915(e), it is reasonably clear that plaintiff's complaint was dismissed as frivolous or malicious.

Griesa dismissed the action pursuant to §1915(e)(2). Id., Dkt. No. 3. The docket for this action also reflects Judge Griesa's certification that any appeal taken by plaintiff would not be taken in good faith. Id.

In September 2005, plaintiff brought a civil action pursuant to § 1983 against New York City, Bronx County, and Albany County. Rodriguez v. New York City, 1:05-cv-07732 (S.D.N.Y.). By Order filed September 2, 2005, Southern District Judge Michael B. Mukasey dismissed the complaint pursuant to § 1915(e)(2). Id.; Dkt. No. 3. The docket entry also includes a certification that any appeal by plaintiff would not be taken in good faith. Id.[5]

Based upon the foregoing, and because in his complaint plaintiff does not allege that he faced imminent danger of serious physical injury, defendants urge the Court to revoke plaintiff's *in forma pauperis* status.

Plaintiff opposes the motion. Significantly, however, plaintiff does not take issue with defendants' contention that the prior dismissals should be found to be strikes within the meaning of § 1915(g), nor does he seek to invoke the protection of the statute's "imminent danger" exception. Rather, plaintiff claims that defendants are barred from seeking revocation of his *in forma pauperis* status because they failed to assert a defense based upon the "three-strikes rule" in their answer. Dkt. No. 51 at 4; Dkt. No.

---

[5] Plaintiff appealed the dismissal to the United States Court of Appeals for the Second Circuit. By Mandate issued October 2, 2006, the appeal was dismissed "because it lacks an arguable basis in fact or law." Id., Dkt. No. 9. However, because the dismissal of plaintiff's appeal post-dated the filing of the complaint, it may not be counted as a strike against plaintiff relative to this action. For the same reason, the disposition of Rodriguez v. Government of Singapore Export Dep't, 07-cv-4423 (E.D.N.Y.), is not being considered. (Order of Dismissal filed Nov. 19, 2007). See Dkt. Nos. 50-7, 50-8.

59 at 5. Plaintiff also contends that § 1915(g) is unconstitutional because it denies him access to the courts. Id.

Neither argument has merit. There is no language in § 1915 restricting the Court's authority to review, and if warranted, revoke a litigant's *in forma pauperis* status at any time during the litigation, nor has plaintiff cited any authority for the proposition that the "three-strikes rule" is an affirmative defense within the meaning of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, as noted by defendants in their reply, the possible applicability of the "three-strikes rule" to this action was set forth in paragraph 13 of their answer. Dkt. No. 30 (Answer) at 3. Plaintiff's constitutional challenge must also fail. In Polanco v. Hopkins, 510 F.3d 152 (2007), the Second Circuit held that:

> "[*in forma pauperis*] status is not a constitutional right," but rather a "congressionally created benefit" which can be "extended or limited by Congress." . . . Section 1915(g) presents no unconstitutional burden to a prisoner's access to the courts: the provision does not "prevent prisoner[s] . . . from filing civil actions, it merely prohibits [them] from enjoying [*in forma pauperis*] status."

Id. at 156 (citations and footnote omitted).[6]

Upon due consideration of plaintiff's prior actions, it is found that he has three strikes for purposes of § 1915(g). Because plaintiff does not claim to have been under imminent danger of serious physical injury when he filed his complaint, the "three-strikes rule" bars him from proceeding with this action *in forma pauperis*.

---

[6] The Second Circuit noted that it was joining several other circuits in upholding the constitutionality of § 1915(g). Polanco, 510 F.3d at 156 (citing cases).

III. **Conclusion**

THEREFORE, it is

ORDERED, that

1. Defendant's motion to revoke plaintiff's *in forma pauperis* status and to conditionally dismiss this action (Dkt. No. 50) is GRANTED ;

2. If Plaintiff wishes to proceed with this action, he must pay the $250.00 statutory filing fee,[7] in full, **within thirty (30) days** of the filing date of this Order;

3. If Plaintiff fails to pay the full filing fee **within thirty (30) days** of the filing date of this Order, the Clerk of the Court shall enter judgment dismissing this action, without prejudice, and without further order of this Court; and

4. The Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with this District's Local Rules.

IT IS SO ORDERED.

Dated: October  23, 2008
       Utica, New York

United States District Judge

---

[7] At the time plaintiff filed his complaint the filing fee for this action was $250.00. Effective April 9, 2006, the filing fee was increased to $350.00 for actions filed on or after that date. See 28 U.S.C. § 1914(a).